IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

**v.**                                              CRIMINAL ACTION NO. 2:06-00027-01

**JAMES HOWELL**

## MEMORANDUM OPINION AND ORDER

Pending is defendant's form motion, filed March 10, 2008, seeking a reduction in sentence pursuant to 18 U.S.C. § 3582(c).

On November 1, 2007, the United States Sentencing Guidelines ("Guidelines") were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base.  Subsequently, the Sentencing Commission amended U.S.S.G. § 1B1.10 to make the crack amendment retroactive ("retroactive amendment"), effective March 3, 2008.

The June 27, 2007, Judgment reflects that the defendant was sentenced to a five-year mandatory minimum term of imprisonment pursuant to 21 U.S.C. § 841(b)(1)(B), the bottom of the applicable Guideline range.  Consequently, defendant is not entitled to relief under the retroactive amendment.  U.S.S.G. § 1B1.10, applic. n. 1(A) ("a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: . . . (ii) an amendment listed in subsection (c) is applicable to the defendant

but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another . . . statutory provision (e.g., a statutory mandatory minimum term of imprisonment).").

To the extent defendant seeks modification of his sentence through application of United States v. Booker, 543 U.S. 220 (2005), Gall v. United States, 128 S. Ct. 586 (2007), or Kimbrough v. United States, 128 S. Ct. 558 (2007), those cases likewise have no application where Congress has mandated, and the court has imposed, a minimum, sum-certain sentence.  See 18 U.S.C. § 3553(e); United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005)("Booker did nothing to alter the rule that judges cannot depart below a statutorily provided minimum sentence."); United States v. Burgess, 478 F.3d 658, 661 (4th Cir. 2007) ("In light of our determination that the district court properly applied the 20-year mandatory minimum, we need not consider the Booker issue further."), cert. granted, 128 S. Ct. 740 (Dec. 7, 2007).[1]

---

[1] Even absent the bar prohibiting penetration of the statutory mandatory minimum term, the court would lack authority to vary or depart in this setting.  See U.S.S.G. § 1B1.10(a)(3) ("Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant."); U.S.S.G. § 1B1.10(b)(1) ("the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."); United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000) ("A motion pursuant to § 3582(c) 'is not a
(continued...)

Based upon the foregoing, the court ORDERS that the defendant's motion pursuant to section 3582(c) be, and it hereby is, denied.

The Clerk is DIRECTED to send a copy of this written opinion and order to the defendant, the United States Attorney, the Federal Public Defender, and the United States Probation Office.

                      ENTER: March 12, 2008

                      John T. Copenhaver, Jr.
                      United States District Judge

---

[1](...continued)
do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution.'").